JANEWAY TRUCK AND TRAILER RECOVERY, d/b/a Janeway Towing, Petitioner

v.

PENNSYLVANIA TURNPIKE COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2010.

Decided March 4, 2011.

Michael D. Reed, Harrisburg, for petitioner.

Joe H. Tucker, Jr., Philadelphia, for respondent.

BEFORE: LEADBETTER, President Judge, COHN JUBELIRER, Judge, and BROBSON, Judge.

OPINION BY Judge BROBSON.

Petitioner Janeway Truck and Trailer Company d/b/a Janeway Towing (Janeway) petitions for review of a decision of Respondent Pennsylvania Turnpike Commission (Turnpike), which disregarded a bid protest as untimely. The matter before the Court is in the nature of a statutory appeal under Section 1711.1 of the Commonwealth Procurement Code (Code), 62 Pa.C.S. § 1711.1.[1] Janeway places two issues before the Court. First, Janeway claims that the Turnpike acted arbitrarily and/or capriciously, abused its discretion, or committed an error of law when it dismissed Janeway's bid protest as untimely. Second, Janeway claims that the Turnpike acted arbitrarily and/or capriciously, abused its discretion, or committed an error of law by not reaching the substantive merits of Janeway's bid protest.

Janeway is an unsuccessful offeror on a Turnpike request for proposals (RFP) for towing services. At an April 6, 2010 meeting, the Turnpike announced that it was awarding the contract to EVB Towing. Janeway filed its written protest under the Code to EVB Towing's selection on April 26, 2010. By letter dated May 14, 2010, the Turnpike notified Janeway that it was disregarding the protest as untimely. (Reproduced Record (R.R.) 6a.) In support of its decision, the Turnpike cited Section 1711.1(b) of the Code, which provides:

> If the protestant is a bidder or offeror or a prospective contractor, the protest shall be filed with the head of the purchasing agency within seven days after the aggrieved bidder or offeror or prospective contractor knew or should have known of the facts giving rise to the protest except that in no event may a protest be filed later than seven days after the date the contract was awarded. If the protestant is a prospective bidder or offeror, a protest shall be filed with the head of the purchasing agency prior to the bid opening time or the proposal receipt date. If a bidder or offeror, a prospective bidder or offeror or a prospective contractor fails to file a protest or files an untimely protest, the bidder or offeror, the prospective bidder or offeror or the prospective contractor shall be deemed to have waived its right to protest the solicitation or award of the contract in any forum. *Untimely filed protests shall be disregarded by the purchasing agency.*

(Emphasis added). Because Janeway filed its protest more than seven (7) days after the Turnpike awarded the contract to EVB Towing, the Turnpike concluded that, pursuant to this statutory language, it was required to disregard the protest as untimely.

On appeal, Janeway does not dispute that it filed its protest more than seven (7) days after the award of the contract. It claims that its delay, however, was due to the Turnpike's failure to explain timely the reasons for awarding the contract to EVB Towing instead of Janeway. Janeway points out that following the award to EVB Towing, it immediately sought a meeting with the Turnpike to discuss the award and tried to discern the Turnpike's reasons for awarding the contract to EVB Towing. The meeting, however, did not occur until April 21, 2010—more than seven (7) days after the award. Janeway, having been ap-

---

1. Under the Code, this Court must affirm the Turnpike's decision unless we find that it was arbitrary and capricious, an abuse of discretion, or is contrary to law. Section 1711.1(i) of the Code.

prised of the Turnpike's reasoning for its decision, thereafter filed its protest on April 26, 2010.

Under these circumstances, however, we must agree with the Turnpike that the protest was untimely and that, pursuant to the clear statutory language, the Turnpike was required to disregard Janeway's protest. *See Firetree, Ltd. v. Dep't of Corr.*, 3 A.3d 762 (Pa.Cmwlth.2010). Section 1711.1(b) of the Code provides that *"in no event* may a protest be filed later than seven days after the date the contract was awarded." (Emphasis added.) To adopt Janeway's argument would require this Court to create an "event"—*i.e.*, the lack of a post-award debriefing meeting between the agency and the disappointed offeror—that would excuse a disappointed offeror from the statutorily-mandated deadline in the Code. It is not the role of this Court to usurp the intent of the General Assembly so clearly expressed in the Code. Instead, we must strictly apply the deadlines in the Code. *See Firetree*, 3 A.3d at 764 (rejecting protest filed one day late); *MSG Grp., Inc. v. Dep't of Pub. Welfare*, 902 A.2d 613, 617 (Pa.Cmwlth. 2006) (holding that right to protest under Code limited to statutory process, including "short time frames").

In reaching this conclusion, we recognize that Section 1711.1(c) of the Code provides that "[a] protest shall state all grounds upon which the protestant asserts the solicitation or award of the contract was improper." This requirement would seem insurmountable where, as here, a disappointed offeror lacks all of the information necessary to evaluate the propriety of the agency's decision because the agency did not explain the reasons for its decision prior to the expiration of the abbreviated protest deadline. Indeed, there is nothing in the Code that expressly requires agencies of the Commonwealth to give any explanation for their contracting decision in advance of expiration of the protest deadline. We recognized this conundrum in *Firetree* and, for that reason, included the following language in the opinion:

> Because of our disposition of this issue, we need not address whether Firetree filed its protest within seven days after it knew or should have known the facts giving rise to the protest. *Even if we were to address the issue, we would determine that, to meet the seven-day requirement in the statute, a disappointed bidder should not wait for a debriefing before filing a protest.*

*Firetree*, 3 A.3d at 764 n. 8 (emphasis added).

Here, at a minimum, Janeway knew on April 6, 2010, that it was an unsuccessful offeror. Under the Code, the seven-day clock to file a protest started to run on that date. To the extent Janeway wished to protest its non-selection, the Code unambiguously required Janeway to submit its protest *no later than* seven (7) days after the award to EVB Towing. Janeway did not file a protest within the deadline.[2]

Accordingly, the Turnpike properly disregarded Janeway's late protest under the clear language of Section 1711.1(b) of the Code.[3]

Judge BUTLER did not participate in the decision in this case.

---

2. Because Janeway did not file a timely protest, we are not here confronted with a situation where an agency has denied/dismissed a protest for failure to comply with the specificity requirement in Section 1711.1(c) of the Code.

3. Because we have determined that the Turnpike properly disregarded Janeway's late protest, we need not address whether the Turnpike acted arbitrarily and/or capriciously, abused its discretion, or committed an error

## ORDER

AND NOW, this 4th day of March, 2011, the decision of the Pennsylvania Turnpike Commission to disregard the Petitioner's protest as untimely is AFFIRMED.