# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

UnitedHealthcare of                          :
Pennsylvania, Inc.,                          :
                                             :
                    Petitioner               :
                                             :
            v.                               : No. 348 C.D. 2017
                                             : Argued: April 10, 2018
Pennsylvania Department of                   :
Human Services,                              :
                                             :
                    Respondent               :


UnitedHealthcare of                          :
Pennsylvania, Inc.,                          :
                                             :
                    Petitioner               :
                                             :
            v.                               : No. 543 C.D. 2017
                                             : Argued: April 10, 2018
Department of Human Services,                :
                                             :
                    Respondent               :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY JUDGE WOJCIK                          FILED: May 31, 2018


UnitedHealthcare of Pennsylvania, Inc. (UnitedHealthcare) petitions for review from two final determinations of the Pennsylvania Office of Open Records (OOR), which granted in part, denied in part and/or dismissed as moot in part UnitedHealthcare's appeals from the Commonwealth of Pennsylvania, Department of Human Services' (DHS) partial denial of its requests under the Right-

to-Know Law (RTKL).[1] UnitedHealthcare contends that DHS improperly withheld requested documents pursuant to the exemption set forth at Section 708(b)(26) of the RTKL, 65 P.S. §67.708(b)(26) (relating to offerors' proposals), even though the contract was "awarded" by the selection of successful offerors at the time the requests were made. In addition, UnitedHealthcare claims that DHS failed to provide an adequate basis to support its assertion that it properly withheld the requested documents where it did not produce an exemption log identifying the documents withheld and the basis for withholding them. Upon review, we hold that the selection of offerors does not constitute an "award of the contract" for purposes of Section 708(b)(26) of the RTKL and affirm OOR's final determinations.

## I. Background

This matter stems from a request for proposal (RFP) conducted by DHS, pursuant to Section 513 of the Commonwealth Procurement Code (Procurement Code),[2] known as Original RFP No. 06-15 and Reissued RFP No. 06-15 relating to the Physical HealthChoices Program.[3] UnitedHealthcare was one of eleven offerors that submitted proposals. However, DHS did not select UnitedHealthcare to enter into contract negotiations. UnitedHealthcare protested its nonselection.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] Section 513 of the Procurement Code governs competitive sealed proposals. 62 Pa. C.S. §513.

[3] This matter and the matters listed at Nos. 824 C.D. 2017 and 660 C.D. 2017 all stem from RTKL requests seeking documents in connection with Original and/or Reissued RFP No. 06-15. These cases were argued seriately before the panel.

UnitedHealthcare submitted two document requests pursuant to the RTKL.  On November 21, 2016, UnitedHealthcare submitted its first request (No. 348 C.D. 2017) seeking records related to the submission of proposals in response to the Original and Reissued RFPs, the scoring of proposals, the selection and notification to offerors with regard to the results of the selection process, and protest documents related to the Original RFP before its reissuance.  Reproduced Record (R.R.) 21a-23a.  Specifically, it requested:

(a) All bids and proposals submitted by offerors in response to the Original RFP #06-15 and Reissued RFP #06-15;

(b) All records and documents, including any and all criteria, bid tabulations, individual scoring sheets and notes of members of the evaluation committee evaluating the Original RFP #06-15 and the Reissued RFP #06-15 proposals, including but not limited to the technical scores and the [small diverse business (SDB)] submittals, records or evaluation sheets, regardless of physical form or description, prepared or produced by or on behalf of DHS, Bureau of Financial Operations, Division of Procurement and Contract Management; DHS Office of Long-Term Living; the Department of Aging; the Bureau of Diversity, Inclusion & Small Business Opportunities ("BDISBO"), and/or any evaluation committee(s);

(c) All correspondence, regardless of physical form, received or produced by or on behalf of DHS and/or any evaluation committee(s) and the BDISBO regarding the Original RFP #06-15 and the Reissued RFP #06-15;

(d) All records related to the results of any evaluation committee's and BDISBO's report to the Issuing office regarding the Original RFP #06-15 and the Reissued RFP #06-15;

(e) All records related to the scores of all bidders, individually or combined, in connection with the final

3

technical scores, the [SDB] scores, the price scores and any other relevant scores including the bidders' overall scores regarding the Original RFP #06-15 and the Reissued RFP #06-15;

(f) All memorandum [sic] including without limitation any selection memoranda, regardless of physical form, received or produced by or on behalf of DHS and/or any evaluation committee(s) and the BDISBO regarding the Original RFP #06-15 and the Reissued RFP #06-15;

(g) All recordings, regardless of physical form, received or produced by or on behalf of DHS or any evaluation committee(s) and the BDISBO regarding the Original RFP #06-15 and the Reissued RFP #06-15;

(h) All records related to the post-selection notification and evaluation processes, including any readiness review conducted by DHS regarding the Original RFP #06-15;

(i) All protest documents, regardless of physical form, received or produced by or on behalf of DHS regarding the Original RFP #06-15; and

(j) All records related to the reissuance of RFP #06-15, including but not limited to all versions and proposed versions, regardless of physical form, of the Reissued RFP #06-15, all correspondence, regardless of physical form, received or produced by or on behalf of DHS related to the reissuance of RFP #06-15, and all reports, memoranda, notes, charts or similar documents related to the reissuance of RFP #06-15.

R.R. at 22a-23a.

On December 27, 2016, UnitedHealthcare submitted a second request (No. 543 C.D. 2017) seeking two categories of documents relating to the rescoring of proposals and the reissuance of awards pursuant to the Reissued RFP. R.R. at 433a-36a. Specifically, it requested:

4

(a) All records related to the re-scoring of proposals conducted by [Department of General Services (DGS)] pursuant to DHS's announcement of the same on December 14, 2016, including but not limited to all bids, SDB submittals, scoring sheets, charts, handwritten notes, evaluation memos and similar documents; and

(b) All records related to the reissuance of awards under the Reissued RFP #06-15 pursuant to the re-scoring, including but not limited to all correspondence (including emails); announcements, selection memos, news releases and similar documents.

R.R. at 434a (emphasis in original).

DHS partially granted and partially denied the requests. With regard to the first request, DHS denied Items (a), (b), (d), and (e) in their entirety as exempt under Section 708(b)(26) of the RTKL. R.R. at 28a-30a. DHS explained that the proposal documents are exempt until the award of an agreement and that the evaluation committee documents are permanently exempt pursuant to the procurement exemption under Section 708(b)(26) of the RTKL. R.R. at 28a-34a. DHS granted in part Items (c), (f), (h), (i), and (j) and provided UnitedHealthcare over 300 documents, having redacted personal identification information, as permitted under 708(b)(6) of the RTKL, 65 P.S. §67.708(b)(6). R.R. at 29a-32a. DHS redacted certain information from records responsive to Item (h) under Section 708(b)(10) of the RTKL, 65 P.S. §67.708(b)(10) (predecisional deliberations). Finally, DHS responded that it did not have any documents responsive to Items (g) or part of (h). R.R. at 31a-32a.

With regard to the second request, DHS denied Item (a) and part of Item (b) as exempt under Section 708(b)(10) (predecisional deliberations), (12) (notes and working papers), and (26) of the RTKL, 65 P.S. §67.708(b)(10), (12), (26). R.R. at 441a-43a. DHS again explained that the proposal documents are exempt until the

5

award of an agreement and the evaluation committee documents are permanently exempt pursuant to the procurement exemption of the RTKL under Section 708(b)(26) of the RTKL. DHS partially granted the request for Item (b) in response to the first request, with redactions. R.R. at 442a.

UnitedHealthcare appealed to OOR, challenging the partial denials and arguing that DHS failed to meet its burden of proving that the requested records are exempt under Section 708(b)(10), (12), and (26) of the RTKL. UnitedHealthcare also argued that, without the requested records, it will suffer prejudice in connection with its bid protests filed under the Procurement Code.[4]

OOR invited the parties to supplement the record and directed DHS to notify any third parties of their ability to participate in this appeal. DHS submitted position statements reiterating its grounds for denial. In support, DHS offered the affidavits of Erin Slabonik, DHS Division Director of Managed Care (Slabonik Affidavits); Barry Bowman, DHS Managed Care Operations Chief (Bowman Affidavit); and Andrea Bankes, DHS Open Records Officer (Bankes Affidavit). UnitedHealthcare also submitted position statements and affidavits.

OOR permitted offerors that had submitted proposals to participate and submit position papers. Those that participated argued that the RTKL protected the requested documents related to their proposals from disclosure under multiple exemptions, including the procurement and confidential, proprietary information exemptions under Section 708(b)(26) and (11) of the RTKL and offered affidavits in support.

---

[4] We note that neither UnitedHealthcare's interest in obtaining the requested records for its bid protests, nor the fact that it is a competitor of the offerors whose proposals it seeks, is relevant to this RTKL appeal. The status of the party requesting the record and the reason for the request, good or bad, are irrelevant under the RTKL. *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014).

On February 23, 2017, OOR granted in part, denied in part, and dismissed as moot in part UnitedHealthcare's appeal pertaining to the first request. OOR Final Determination, 2/23/17, at 23 (OOR Dkt. No. AP 2017-0146). Specifically, OOR denied the appeal holding that DHS properly withheld proposal documents and evaluation committee documents under Section 708(b)(26) of the RTKL. OOR explained the proposal documents were exempt because no contract had been awarded under the Reissued RFP. Based on the selected offerors' submissions, OOR also concluded that the proposals were exempt under Section 708(b)(26) because they contain "financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability." OOR Final Determination, 2/23/17, at 8. However, OOR granted the appeal insofar as it found that DHS failed to prove application of the predecisional deliberation exemption, 65 P.S. §67.708(b)(10), for records responsive to Item (h), and it directed the release of unredacted copies of those records. To the extent DHS provided documents responsive to the requests, OOR partially denied the appeal as moot.

On April 3, 2017, OOR denied in part and dismissed as moot in part UnitedHealthcare's appeal pertaining to the second request. OOR Final Determination, 4/3/17, at 17 (OOR Dkt. No. AP 2017-0408). Again, OOR denied the appeal upon holding that DHS properly withheld proposal documents and evaluation committee documents responsive to Item (a) of the second request pursuant to Section 708(b)(26) of the RTKL. OOR Final Determination, 4/3/17, at 7. With regard to records responsive to Item (b) of the second request, OOR found that DHS provided responsive records and that UnitedHealthcare waived objections

7

to redactions made thereto. OOR Final Determination, 4/3/17, at 3 n.3, 12. In reaching its decision, OOR considered and relied upon DHS's affidavits.

UnitedHealthcare filed two petitions for review. Upon UnitedHealthcare's motion, this Court consolidated the matters.[5] This Court granted intervention to offerors that participated in the OOR proceedings, namely: Pennsylvania Health and Wellness, Inc., Health Partners Plans, Inc., UPMC For You, Inc., Vista Health Plan, Inc., and Geisinger Health Plan, Inc. (collectively, Intervenors).

## II. Issues

In this appeal,[6] UnitedHealthcare contends that DHS improperly withheld the requested documents pursuant to the exemption set forth in Section 708(b)(26) of the RTKL. According to UnitedHealthcare, once the selection of successful offerors occurred, the contract was awarded and the documents requested no longer qualified for the exemption. In addition, it claims that DHS did not provide an adequate basis to support its assertion that it properly withheld the requested documents pursuant to Section 708(b)(26).

## III. Discussion
### A. Procurement Exemption

First, UnitedHealthcare contends that OOR erred by determining that the procurement exemption under Section 708(b)(26) of the RTKL protected the

---

[5] To the extent the motion also sought to consolidate the appeals at Nos. 123 C.D. 2016 (relating to a different RFP) and 550 C.D. 2017 (involving a different party), the Court denied the request. Commonwealth Court Order, 6/6/17, at 1.

[6] This Court exercises plenary, *de novo* review of OOR's determination in this matter. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

requested proposals and related documents once DHS selected offerors. The selection of successful offerors in response to an RFP is the equivalent to an "award of the contract" for purposes of Section 708(b)(26) of the RTKL. An "award of the contract" does not mean the execution of the contract. The General Assembly certainly knew how to use the word "executed" if that was its intent, but chose not to. Moreover, such an interpretation is contrary to the purpose of Section 708(b)(26), which is to protect competitive bidding; competitive bidding is over once the selection for negotiation occurs. According to UnitedHealthcare, DHS's interpretation that an "award" equals execution, as opposed to selection, improperly preserves the secrecy of the documents until after they are no longer useful as a means for protesting an award. The RTKL must be interpreted to maximize public access. Consequently, Section 708(b)(26) of the RTKL is not an exemption that would support withholding the documents requested in these two matters. Moreover, there is existing case law in OOR establishing the effect of the selection of offerors with regard to documents sought pursuant to the RTKL. This Court should adopt OOR's analysis to permit access to the requested proposal documents.

DHS and Intervenors counter that OOR correctly concluded that the procurement exemption of the RTKL exempts the requested proposals and related documents from disclosure because DHS has not awarded an agreement or contract. The selection of offerors to enter negotiations does not constitute an award of the contract because the terms of the contract are still being negotiated and a different offeror may obtain the contract if negotiations fail. DHS and Intervenors further contend that the need to protect competitive bidding remains until there is a contract with the selected offerors because the Reissued RFP could be rescinded and rebid. Prematurely granting access to proposal documents prior to the award of the contract

9

could bestow an unfair advantage on competitors in any subsequent bidding. Although the RFPs included draft contract language, they contemplated post-selection negotiation of contract terms before any contract was finalized or executed, including negotiation of payment rates, and the RFPs stated that the draft contract terms are "subject to change." R.R. at 345a, 372a, 747a. DHS presented sufficient evidence in the form of multiple affidavits to show that it had not awarded an agreement or contract, that it had only selected offerors to enter into contract negotiations, and that the selected offerors must participate in negotiations before DHS awards any contract or agreement. Thus, the requested proposal documents clearly fall within the exemption until the contract is awarded.

> Section 708(b)(26) of the RTKL provides:
>
> Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
>
> * * *
>
> (26) A proposal pertaining to agency procurement or disposal of supplies, services or construction *prior to the award of the contract or prior to the opening and rejection of all bids*; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability; *or the identity of members, notes and other records of agency proposal evaluation committees established under 62 Pa. C.S. §513 (relating to competitive sealed proposals).*

65 P.S. §67.708(b)(26) (emphasis added). Section 708(b)(26) temporarily exempts offerors' proposals from disclosure until a contract is awarded or the procurement is canceled. 65 P.S. §67.708(b)(26); *Department of Transportation v. Walsh/Granite*

*JV*, 149 A.3d 425, 430 (Pa. Cmwlth. 2016); *see Greco v. Department of General Services* (Pa. Cmwlth., No. 260 C.D. 2016, filed July 10, 2017), slip op. at 6-8.[7] However, the RTKL does not define the terms "award" or "contract" or any combination of those terms. What constitutes an "award of the contract" under Section 708(b)(26) of the RTKL appears to be an issue of first impression for this Court.

"[W]e apply statutory construction principles to discern the meaning of the provision in context." *Pennsylvania Department of Education v. Bagwell (Bagwell III)*, 131 A.3d 638, 652 (Pa. Cmwlth. 2016). "[O]ur task is to discern the intent of the General Assembly, with the foremost indication being the statute's plain language." *Oliver v. City of Pittsburgh*, 11 A.3d 960, 965 (Pa. 2011). Where the intent of the legislature is clear from the plain meaning of the statute, courts must not pursue statutory construction. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1921(b); *Ramich v. Workers' Compensation Appeal Board (Schatz Electric, Inc.)*, 770 A.2d 318, 322 (Pa. 2001). When the words of a statute are free from all ambiguity, we must not disregard the letter of the law under the pretext of pursuing its spirit. 1 Pa. C.S. §1921(b); *Ramich*, 770 A.2d at 322. Only when the language of the statute is ambiguous or not explicit does statutory construction become necessary. 1 Pa. C.S. §1921(c); *Board of Revision of Taxes, City of Philadelphia v. City of Philadelphia*, 4 A.3d 610, 622 (Pa. 2010).

Where the words of a statute are not defined or not explicit, "we resort to considerations other than the plain language to discern legislative intent." *Commonwealth v. Kerstetter*, 94 A.3d 991, 1001 (Pa. 2014). We may consider "the

---

[7] Section 414(a) of this Court's Internal Operating Procedures (IOPs) authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414(a).

11

occasion and necessity for the statute; the circumstances under which the statute was enacted; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; the contemporaneous legislative history; and the legislative and administrative interpretations of such statute." *Id.* (quoting *Mercury Trucking, Inc. v. Pennsylvania Public Utility Commission*, 55 A.3d 1056, 1068 (Pa. 2012)); *see* 1 Pa. C.S. §1921(c). We may also examine definitions provided in other sources and in related statutes for guidance. *Southeastern Pennsylvania Transportation Authority v. Holmes*, 835 A.2d 851, 856 (Pa. Cmwlth. 2003), *appeal denied*, 848 A.2d 930 (Pa. 2004).

Further, "[e]very statute shall be construed, if possible, to give effect to all its provisions." *Kerstetter*, 94 A.3d at 1001 (quoting *Commonwealth v. Zortman*, 23 A.3d 519, 525 (Pa. 2011)). When statutory construction is necessary,

> [W]e presume that the General Assembly does not intend an absurd result, to violate the Constitution, nor to favor a private interest over the public interest. 1 Pa. C.S. §1922. Additionally, we interpret remedial legislation liberally to effect its object and promote justice. *See, e.g.*, 1 Pa. C.S. §1928(c). Statutes and parts of statutes that relate to the same persons or things must be read in *pari materia*. 1 Pa. C.S. §1932.

*Levy v. Senate of Pennsylvania*, 65 A.3d 361, 380 (Pa. 2013). With these principles in mind, we consider the meaning of "award of the contract" under Section 708(b)(26) of the RTKL.

Although the issue presented here is one of first impression for this Court, OOR has previously addressed the meaning of the phrase in its decisions. However, OOR issued conflicting decisions on whether a selection for negotiation constitutes an "award of the contract" under Section 708(b)(26) of the RTKL.

12

*Compare Michalski v. Governor's Office of Administration* (OOR, Dkt. No. AP 2014-0887, filed July 7, 2014) (selection of offeror is award of contract even though negotiations are not complete and no contract has been executed) *and Moffitt v. Pennsylvania Department of General Services* (OOR, Dkt. No. AP 2012-1470, filed Oct. 15, 2012) (same), *with Aetna Better Health of Pennsylvania, Inc. v. Pennsylvania Department of Human Services* (OOR, Dkt. No. AP 2017-0572, filed July 14, 2017) (selection of offerors for negotiation did not constitute award of contract where agency submitted affidavit that negotiations were not complete and contract had not yet been awarded) *and Magellan Health Services, Inc. v. Pennsylvania Department of Public Welfare* (OOR, Dkt. No. AP 2013-0245, filed Mar. 12, 2013) (same). Even if OOR's decisions were consistent, they are not binding precedent in this Court. *Scott v. Delaware Valley Regional Planning Commission*, 56 A.3d 40, 44 (Pa. Cmwlth. 2012).

The Procurement Code likewise does not define what constitutes an "award" or an "award of the contract." However, Section 103 of the Procurement Code defines the term "contract" as "[a] type of written agreement, regardless of what it may be called, for the procurement or disposal of supplies, services or construction and *executed* by all parties in accordance with the [Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §§732-101 - 732-506]." 62 Pa. C.S. §103 (emphasis added). Sections 512(g) and 512.1(g) of the Procurement Code, governing competitive sealed bidding and competitive electronic auction bidding, set forth the "award" of the contract as a step in the procurement process. 62 Pa. C.S. §512(g) ("Award.--The contract shall be awarded within 60 days of the bid opening by written notice to the lowest responsible bidder or all bids shall be rejected except as otherwise provided in this section. Extensions of the date

13

for the award may be made by mutual written consent of the contracting officer and the lowest responsible bidder."); 62 Pa. C.S. §512.1(g) (same).

In contrast, Section 513(g) of the Procurement Code, which is the section governing competitive sealed proposals applicable to the Original and Reissued RFP No. 06-15, does not use the term "award" and refers to the procurement decision as a "selection for negotiation." 62 Pa. C.S. §513(g). The absence of the term "award" from Section 513 is not accidental. Prior to December 2002, former Section 513 referred to the selection decision as the "award" of the "contract" and provided as follows:

> (g) Award of contract.--The responsible offeror whose proposal is determined in writing to be the most advantageous to the purchasing agency, taking into consideration price and all evaluation factors, shall be selected for contract negotiation.
>
> (h) Contract negotiation.--After selection, the purchasing agency shall proceed to negotiate a contract with the selected offeror.

*Former* 62 Pa. C.S. §513(g), (h); *see* 62 Pa. C.S.A. §513 Historical and Statutory Notes. On December 3, 2002, the General Assembly amended Section 513 by deleting the words "Award of contract" and substituting "Selection for negotiation" in Section 513(g) and deleting Section 513(h). Act of December 3, 2002, P.L. 1147, No. 142, §5; *see* 62 Pa. C.S.A. §513 Historical and Statutory Notes. The selection under Section 513 also differs from the award under Sections 512 and 512.1 in that the terms of the contract in Section 513 must still be negotiated after the selection, whereas the contract terms are already set by the invitation for bids and the successful bid when a Section 512 or 512.1 award is made. *See* 62 Pa. C.S. §512(b), (e), (f); 62 Pa. C.S. §512.1(b).

14

In addition, new Section 106.1 of the Procurement Code governing public access to procurement records, added in November 2016, and effective January 3, 2017,[8] provides:

> The written determination required by section 513(g) shall be posted upon receipt of the final negotiated contract signed by the selected offeror. Subject to proper redaction under the [RTKL], responsive proposals received by the purchasing agency and, until fully executed, the final negotiated contract are not required to be posted but shall be made available to the public upon request.

62 Pa. C.S. §106.1(b)(4). The time to which this provision refers as the stage of a Section 513 procurement where documents are publicly available, however, is "receipt of the final negotiated contract signed by the selected offeror," not the time when the selection for negotiations is made. 62 Pa. C.S. §106.1(b)(4).

Contract awards are also referenced in Section 1711.1 of the Procurement Code governing protests by disappointed bidders and offerors. Specifically, Section 1711.1(b) bars any bid protest filed more than seven days after the award of the contract, even if the protestant had no notice of the grounds for protest and no opportunity to learn the reasons for the award or the rejection of its proposal before that seven-day deadline expires. 62 Pa. C.S. §1711.1(b) ("[T]he protest shall be filed with the head of the purchasing agency within seven days after the aggrieved bidder or offeror or prospective contractor knew or should have known of the facts giving rise to the protest except that *in no event may a protest be filed later than seven days after the date the contract was awarded*." (emphasis added)); *see Janeway Truck & Trailer Recovery v. Pennsylvania Turnpike Commission*, 16 A.3d 551, 553 (Pa. Cmwlth. 2011) (protest filed five days after debriefing was barred

---

[8] This provision went into effect *after* UnitedHealthcare filed its requests.

15

because it was filed more than seven days after the award of the contract); *Firetree, Ltd. v. Department of Corrections*, 3 A.3d 762, 763-64 (Pa. Cmwlth. 2010) (protest filed two days after debriefing was barred because it was filed more than seven days after the award of the contract). Holding that the award of the contract is the selection of offerors for negotiations would severely limit the bid protest rights of unsuccessful offerors in Section 513 procurements.

Indeed, this Court has held that, in bid protests from Section 513 procurements, the date of the award of the contract is the date of the contract, not the date of the selection of offerors. *Omnicare, Inc. v. Department of Public Welfare*, 68 A.3d 20, 22-26 (Pa. Cmwlth. 2013) (protest within seven days of date contract with the winning bidder was posted online was timely, where protestant had no notice of protest ground until contract was posted, even though protest was filed more than nine months after selection of offerors); *see also CenturyLink Public Communications, Inc. v. Department of Corrections*, 109 A.3d 820, 824 (Pa. Cmwlth. 2015) (referring to award of contract as occurring following negotiation of the contract); *Common Sense Adoption Services v. Department of Public Welfare*, 799 A.2d 225, 232 (Pa. Cmwlth. 2002) (holding that "[t]he process of soliciting and awarding the . . . contract was completed in June 2000, when Diakon executed the contract"); *Corizon Health, Inc. v. Department of General Services* (Pa. Cmwlth., No. 1740 C.D. 2012, filed Jan. 4, 2013), slip op. at 6, 15, (stating that award of contract occurred when agency completed negotiations over two months after selection decision). In *UnitedHealthcare of Pennsylvania, Inc. v. Department of Human Services*, 172 A.3d 98, 108 (Pa. Cmwlth. 2017), UnitedHealthcare's related appeal from the denial of its September 2016 bid protest, this Court treated the award

16

of the contract as a different event from the selection decision, but did not rule on what event constitutes the award of the contract in a Section 513 procurement.[9]

Relying on *Balsbaugh v. Department of General Services*, 815 A.2d 36 (Pa. Cmwlth.), *aff'd*, 815 A.2d 628 (Pa. 2003), and *Grant Street Group, Inc. v. Department of Community and Economic Development* (Pa. Cmwlth., No. 969 C.D. 2014, filed July 21, 2014) (single judge op.), UnitedHealthcare argues that the award of the contract is an event that precedes the execution of the contract. This reliance is misplaced. *Balsbaugh* involved a Section 512 competitive sealed bidding, not a Section 513 request for proposals and selection of offerors for negotiation. In *Grant Street Group, Inc.*, there was no extended period of negotiation needed before a contract would be executed; the agency intended to complete execution of the contract within three days. Slip op. at 7. Moreover, that opinion was a single-judge unpublished opinion on whether a stay should be granted in a case in which the issue of what constituted an award of a contract was irrelevant and the Court merely referred to an award having been made without analysis.[10]

UnitedHealthcare also argues that the interpretation of Massachusetts' public records statute, General Laws of Massachusetts Chapter 4, Section 7(26)(h), supports treating the selection decision as the event that terminates the exemption from disclosure. The language of the Massachusetts statute, however, is significantly different from Section 708(b)(26) of the RTKL; it exempts proposals

---

[9] We note that UnitedHealthcare has taken inconsistent positions on what constitutes the contract award in this case and in its bid protests, which were filed more than seven days after the selection for negotiations. DHS has consistently contended in both this case and the bid protests that selection for negotiations was not a contract award.

[10] Section 414(b) of this Court's IOPs provides that a "single-judge opinion, even if reported, shall be cited only for its persuasive value, not as binding precedent." *See* 210 Pa. Code §69.414(b).

17

from disclosure until "the time for the opening of bids" or "the time for the receipt of bids or proposals has expired" and does not use the term "award of the contract" as an event that ends that exemption. *See* Mass. Gen. Laws Chap. 4, §7(26)(h) (exempting from disclosure "proposals and bids to enter into any contract or agreement until the time for the opening of bids in the case of proposals or bids to be opened publicly, and until the time for the receipt of bids or proposals has expired in all other cases").

Based upon the foregoing analysis, we conclude that the General Assembly intended the phrase "award of the contract" for purposes of Section 708(b)(26) to mean the execution of the contract, not the selection of offerors. This interpretation is the most logical when read in conjunction with the relevant provisions of the Procurement Code. This interpretation also furthers the purpose of Section 708(b)(26) to foster competitive bidding until a contract is awarded.

Applying this interpretation to the facts presented here, when UnitedHealthcare made its RTKL requests and OOR ruled on the appeal, DHS had selected offerors for negotiations under Section 513(g) of the Procurement Code, which provides that "[t]he responsible offeror whose proposal is determined in writing to be the most advantageous to the purchasing agency, taking into consideration price and all evaluation factors, shall be selected for contract negotiation." 62 Pa. C.S. §513(g). However, negotiations with the selected offerors had not commenced and no contracts had been finalized or executed. There is no evidence that DHS made any announcement of an award of contracts under Reissued RFP No. 06-15 in the period before OOR's decision. In fact, DHS submitted affidavits attesting that no award of any contracts or agreements under Reissued RFP No. 06-15 has occurred. R.R. at 71a, 501a (Slabonik Affidavits); R.R. at 65a

18

(Bowman Affidavit). Because no contract has been awarded,[11] the requested documents pertaining to the RFPs continue to remain exempt from disclosure under Section 708(b)(26) of the RTKL.

**B. Sufficiency of the Evidence**

Next, UnitedHealthcare contends that DHS did not meet its burden of proving that the documents are not subject to production pursuant to Section 708(b)(26) because it failed to adequately identify the responsive documents by means of any kind of list or description that would allow this Court to assess the merits of the asserted grounds for exemption and non-production. Without a list or index, it is not possible to determine whether DHS's asserted exemptions apply to the documents requested. UnitedHealthcare requests this Court to order DHS to produce the withheld proposals immediately. Alternatively, it requests a remand for the production of an exemption list identifying the documents withheld and the basis for withholding them.[12]

---

[11] This Court recently reversed the orders of DHS denying the bid protests filed by UnitedHealthcare, Vista Health Plan, Inc., and Aetna Better Health of Pennsylvania, Inc., with respect to Reissued RFP No. 06-15. *See Vista Health Plan, Inc. v. Department of Human Services* (Pa. Cmwlth., No. 820 C.D. 2017, filed Apr. 11, 2018); *Aetna Better Health of Pennsylvania, Inc. v. Department of Human Services* (Pa. Cmwlth., No. 274 M.D. 2017, filed Apr. 11, 2018); *UnitedHealthcare of Pennsylvania, Inc. v. Department of Human Services* (Pa. Cmwlth., No. 790 C.D. 2017, filed Apr. 10, 2018).

[12] Intervenor UPMC for You, Inc. argues that UnitedHealthcare waived this argument by not asking OOR to require an exemption log or index of documents withheld together with the purported basis for exemption from the RTKL or to conduct an *in camera* review of all such documents. UnitedHealthcare merely suggested that OOR "may" order an *in camera* review of the requested records. R.R. at 16a, 428a. Under the RTKL, the agency bears the burden of proving a record is exempt from public access. Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1); *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 (Pa. Cmwlth. 2014). It is within the discretion of the agency to decide how to meet its burden. *See McGowan*, 103 A.3d at 381; *Heavens v. Department of Environmental Protection*, 65 A.3d 1069,

Under the RTKL, an agency bears the burden of proving, by a preponderance of the evidence, that a record is protected from disclosure under one of the enumerated exemptions or contains privileged material. Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1); *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 380 (Pa. Cmwlth. 2014). A preponderance of the evidence is a finding "that the existence of a contested fact is more probable than its nonexistence." *Pennsylvania State Troopers Association v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011) (internal quotation marks omitted).

An agency may present sufficient evidence by the submission of affidavits. *McGowan*, 103 A.3d at 381.

> Affidavits are the means through which a governmental agency . . . justifies nondisclosure of the requested documents under each exemption upon which it relied . . . . The affidavits must be detailed, nonconclusory, and submitted in good faith. . . . Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned.

*McGowan*, 103 A.3d at 381 (quoting *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (citation omitted)). However, conclusory affidavits, standing alone, will not satisfy an agency's burden of proof under the RTKL. *Id.* Moreover, the affidavit must be specific enough to permit OOR or a reviewing court to ascertain whether the claimed exemption applies to the records. *McGowan*, 103 A.3d at 381.

---

1075-77 (Pa. Cmwlth. 2013). However, it is OOR's responsibility to ensure that the record contains sufficient information to evaluate the exemptions. *Office of the Governor v. Davis*, 122 A.3d 1185, 1194-95 (Pa. Cmwlth. 2015). UnitedHealthcare challenged the sufficiency of the record in its appeal to this Court. We conclude the issue has not been waived.

In addition to affidavits, an agency may justify its exemptions with an item-by-item indexing system, commonly referred to as a privilege or exemption log.[13] *McGowan*, 103 A.3d at 381; *Heavens v. Department of Environmental Protection*, 65 A.3d 1069, 1075-77. Such a log "typically lists the date, record type, author, recipients, and a description of the withheld record . . . ." *McGowan*, 103 A.3d at 381. A log "can serve as sufficient evidence to establish an exemption, especially where the information in the log is bolstered with averments in an affidavit." *Id.*; *see Heavens*, 65 A.3d at 1075. "An index, even one containing minimal description, offers a tool for a fact-finder reviewing corresponding records." *Office of the Governor v. Davis*, 122 A.3d 1185, 1194 (Pa. Cmwlth. 2015).

OOR has the authority to request production of an exemption log and to conduct *in camera* review of documents where an exemption or privilege has been asserted. *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 59 (Pa. Cmwlth. 2016); *Office of Open Records v. Center Township*, 95 A.3d 354, 369-70 (Pa. Cmwlth. 2014). However, where an agency sufficiently explains the basis for nondisclosure through an affidavit, a log or *in camera* review may not be necessary. *See Chambersburg Area School District v. Dorsey*, 97 A.3d 1281, 1289 (Pa. Cmwlth. 2014).

Here, UnitedHealthcare's requests clearly sought proposal documents and scoring records of the evaluation committee. R.R. at 392a, 434a. To

_____

[13] Although the terms are used interchangeably, a "privilege log" applies when a privilege is asserted; an "exemption log" applies when an exemption is asserted. *See McGowan*, 103 A.3d at 378; *see also In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 207 n.2 (Pa. 2014) (recognizing that the term "privilege log" pertained to the attorney-client privilege and the work-product exemption under Rule 573(g) of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 573(G). This indexing system has also been referred to as a "*Vaughn* index," based on recognition of the approach in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). *See Office of the Governor*, 65 A.3d at 1104 n.13.

21

demonstrate that the procurement exemption applied to UnitedHealthcare's requests, DHS submitted affidavits. With regard to the proposals, the affidavits attest that DHS rescinded the Original RFP, reissued the Reissued RFP, and, although DHS selected offerors to enter into negotiations on the Reissued RFP, no actual contract or agreement has been awarded. R.R. at 65a-70a, 71a-76a, 501a-06a. As discussed above, until such time as a contract is awarded, the proposal documents remain exempt from disclosure under Section 708(b)(26).

With regard to the scoring records, the affidavits describe in detail the evaluation and scoring process of the evaluation committee. R.R. at 66a-67a, 72a, 74a-75a, 502a. The scoring records include score sheets, instructions, and a scoring matrix used by the evaluation committee to evaluate the technical submittals. R.R. at 68a-69a, 75a, 502a. Each member separately reviewed and preliminarily scored each technical submittal. R.R. at 69a, 75a, 502a. Afterwards, the evaluation committee met as a group to discuss the technical submittals and preliminary scoring. R.R. at 69a, 75a, 504a. Evaluation committee members could modify their scores after the meeting. R.R. at 69a, 75a, 504a. Scoring records include the evaluation committee's preliminary and final scores for each technical submittal. R.R. at 69a, 75a, 502a-03a. The affidavits prove that the scoring records are records of the evaluation committee relating to competitive sealed proposals, and thus, they qualify for permanent exemption under Section 708(b)(26), regardless of whether an agreement or contract is awarded.

Based on the affidavits, DHS met its burden of proving the records requested were exempt from disclosure under Section 708(b)(26) of the RTKL by a preponderance of the evidence. Because DHS sufficiently explained the basis for

nondisclosure through affidavits, neither an exemption log nor *in camera* review of the withheld documents was necessary. *See Chambersburg*, 97 A.3d at 1289.

## IV. Conclusion

In sum, we hold that the selection of offerors does not constitute an "award of the contract" for purposes of Section 708(b)(26) of the RTKL. Because there has been no award of the contract, the proposal documents remain exempt from disclosure under Section 708(b)(26). OOR properly concluded that DHS presented sufficient evidence in the form of multiple affidavits to support that Section 708(b)(26) exempted the documents requested, and it did not need to request an exemption log or conduct *in camera* review of the withheld documents.

Accordingly, we affirm.

MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

23

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

UnitedHealthcare of
Pennsylvania, Inc.,           :
                              :
                              :
                Petitioner    :
                              :
        v.                    : No. 348 C.D. 2017
                              :
Pennsylvania Department of    :
Human Services,               :
                              :
                Respondent    :


UnitedHealthcare of
Pennsylvania, Inc.,           :
                              :
                              :
                Petitioner    :
                              :
        v.                    : No. 543 C.D. 2017
                              :
Department of Human Services, :
                              :
                Respondent    :

# O R D E R

AND NOW, this 31st day of May, 2018, the Final Determinations of the Pennsylvania Office of Open Records (OOR), dated February 23, 2017, at OOR Docket No. AP 2017-0146, and April 3, 2017, at OOR Docket No. AP 2017-0408, are AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge