# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,                 :

             Petitioner       :

                              :

            v.                  :    No. 875 C.D. 2020

                              :    Submitted:  April 1, 2021

Pennsylvania State Police,      :

            Respondent     :


**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                 **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                 **HONORABLE CHRISTINE FIZZANO CANNON,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                **FILED:  June 8, 2021**


     Dwight Bowen (Requester) petitions for review of a Final Determination issued by the Office of Open Records (OOR) dismissing his appeal of an alleged denial of a Right-to-Know Law[1] (RTKL) request (Request) by the Pennsylvania State Police (PSP) as premature.  OOR found PSP did not receive the Request until after the Requester's appeal to OOR was filed.  Based upon OOR's findings, we discern no error and, therefore, affirm.

     On April 9, 2020, OOR received an appeal from Requester, in which Requester alleged that he had sent a RTKL Request to PSP's Indiana Station on or about March 8, 2020, but received no response.  (Certified Record (C.R.) Item 1.) On April 14, 2020, OOR sent the parties the "Official Notice of Appeal," which

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

advised the parties of their rights and the appeal process, and that the appeal was being stayed indefinitely due to the COVID-19 pandemic. (C.R. Item 2.) On the same day, OOR also issued an "Order-Notice of Filing Deficiency," wherein OOR advised Requester that his appeal was lacking a copy of the Request. (C.R. Item 3.) OOR directed Requester to submit a copy of the Request or his appeal would be dismissed. (*Id.*)

On April 30, 2020, OOR received a copy of the Request, dated March 8, 2020, from Requester.[2] (C.R. Item 4.) In the Request, submitted to "Indiana County State Police Barracks," Requester sought

> all audio, cell phone and radio communications[,] including 911 call on 1-1-19 concerning the death of Luis Santiago and all emails[,] memo[]s[,] voice messag[es,] and electronic communications rec[ei]ved [from] and delivered to State Police from [State Correctional Institution]-Pine Grove and vice versa throughout this investigation and all warrants, subpoenas[,] and court orders issuing the withholding[,] censuring[,] and seizing of [Requester's] outgoing and incoming mail and email.

(*Id.*)

Thereafter, on May 6, 2020, OOR advised the parties that the deficiency had been cured and included a copy of the Request that had been received. (C.R. Item 5.) On June 5, 2020, OOR notified the parties that the indefinite stay was being lifted and that the parties could make any submissions through July 10, 2020. (C.R. Item 7.) On July 13, 2020, OOR emailed PSP[3] and advised that no submission on PSP's behalf had been received and that, if PSP wanted to submit anything, it had until July 17, 2020, to do so. (C.R. Item 8.) On July 17, 2020, PSP submitted a

---

[2] There is no indication in the record that Requester also sent PSP a copy of his response with the Request.

[3] A copy of the email was mailed to Requester.

sworn verification from William A. Rozier, PSP's Agency Open Records Officer (AORO). In the sworn verification, AORO states, in pertinent part:

> 6. In his appeal documents, [Requester] states that he sent his [R]equest to PSP's Indiana Station and not to PSP's RTKL Office.
>
> 7. I have contacted PSP's Indiana Station to determine if the request had been received at the Station. After checking with Indiana Station personnel, PSP has no record of a request being received.
>
> 8. All PSP personnel have been trained to forward RTKL [r]equest[s] that are received at a PSP station to the PSP RTKL Office.

(C.R. Item 9.)

On August 10, 2020, OOR issued its Final Determination, dismissing the appeal as premature. Based upon AORO's sworn verification, OOR found the Request was not received by AORO "until April 14, 2020, when [PSP] had received [] OOR's Official Notice of Appeal," and, therefore, "PSP had until April 21, 2020, to issue its response." (Final Determination at 2.) OOR concluded that "[b]ecause the appeal was filed on April 9, 2020, the appeal is dismissed as premature." (*Id.* (emphasis omitted).) Requester subsequently filed a timely Petition for Review with this Court.

On appeal,[4] Requester argues OOR erred in dismissing his appeal as premature as PSP had adequate time to respond and did not do so.[5] Requester argues he cured the deficiency by providing a copy of the Request on April 30, 2020, and PSP was given until July 10, 2020, to respond and did not. Therefore, he contends

---

[4] Our standard of review is de novo, and our scope of review is broad or plenary. *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013).

[5] We have consolidated Requester's arguments.

3

his appeal was not premature. Requester also questions the veracity of the representation by PSP's Indiana station that the Request was not received, stating:

> [] AORO swore under penalty of perjury that he spoke with the janitor or a highway patrolman who said that there was no record of a request being received. The personnel [] AORO spoke with was not sworn under oath and could have been misinformed. Moreover[, ] AORO do[es no]t know with certainty the credibility of [the] information station personnel gave him.

(Requester's Brief (Br.) at 4.) Requester asks the Court to reverse the Final Determination.[6]

PSP responds that, per the sworn verification of AORO, PSP did not receive the Request in March when Requester claims to have originally mailed it to the Indiana station. Therefore, PSP maintains it did not have the opportunity to review and respond to the Request, thereby divesting OOR of jurisdiction over the appeal. According to PSP, under Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1), OOR can review only if there was a denial or deemed denial, neither of which occurred here before Requester appealed to OOR. It asks the Court to affirm OOR's Final Determination.

As PSP points out, Section 1101 governs the filing of an appeal. Specifically, Section 1101(a)(1) provides: "If a written request for access to a record is **denied or deemed denied**, the requester may file an appeal with [OOR] . . . within 15

---

[6] Requester also argues that OOR erred in finding he did not satisfy the requirements of Section 502 of the RTKL, 65 P.S. § 67.502, because he used an official RTKL request form to make the Request. (Requester's Br. at 3-4.) Section 502 provides for the establishing of open-records officers and provides the duties of same. 65 P.S. § 67.502. In the Final Determination, OOR cited Section 703 of the RTKL, 65 P.S. § 67.703, which in turn cites Section 502. Section 703 provides that "[a] written request must be addressed to the open-records officer designated pursuant to [S]ection 502." 65 P.S. § 67.703. We see no mention in the Final Determination as to any issue with the format of the Request.

business days of the mailing date of the agency's response or within 15 business days of a deemed denial." *Id.* (emphasis added). Here, Requester contends his Request was deemed denied as PSP did not timely respond to the Request in March. The problem with Requester's argument, however, is that OOR credited the sworn verification of AORO, who stated that the Request was not received by PSP. (Final Determination at 2.) Instead, OOR found the Request was not received by PSP until April 14, 2020, when OOR sent the parties the Official Notice of Appeal. (*Id.*) In the interim, Requester had already filed his appeal on April 9, 2020, which was before the Request was found to be received by PSP. "An agency may present sufficient evidence by the submission of affidavits." *UnitedHealthcare of Pa., Inc. v. Pa. Dep't of Hum. Servs.*, 187 A.3d 1046, 1059 (Pa. Cmwlth. 2018). Therefore, we accept AORO's sworn verification that PSP's Indiana Station had no record of the Request being received.[7]

However, we disagree with OOR's finding that the Request was received by PSP when the Official Notice of Appeal was sent on April 14, 2020. The Official Notice of Appeal did not contain the Request. Furthermore, Requester's appeal to OOR did not disclose the substance of which records he was requesting. It appears that PSP first learned that Requester was seeking records **and** which records he was requesting, on May 6, 2020, when OOR notified the parties that the deficiency had been cured and included **a copy of the Request**. Because this date was also after

---

[7] While reviewing courts may exercise de novo, plenary review, "there is 'nothing in the RTKL that would prevent [reviewing courts] from simply adopting the findings of fact and conclusions of law of an [OOR] appeals officer when appropriate.'" *Off. of Open Recs. v. Center Township*, 95 A.3d 354, 369 (Pa. Cmwlth. 2014) (quoting *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 473 (Pa. 2013)) (first alternation in original).

Requester filed his appeal with OOR, any error by OOR was harmless, as the appeal was still premature.[8]

Requester, however, argues that PSP had ample time to respond to the Request when it was finally received and did not. Unfortunately, whether PSP responded to the Request after receiving it on May 6, 2020, is outside of the record. "An appellate court is limited to considering only those facts that have been duly certified in the record on appeal." *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). "For purposes of appellate review, that which is not part of the certified record does not exist." *Id.* Thus, we cannot consider Requester's allegation that PSP has yet to respond to his Request.[9]

Accordingly, we affirm OOR's Final Determination dismissing Requester's April 9, 2020 appeal as premature.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[8] "[T]his Court may affirm on grounds different than those relied upon by the court or agency below if such grounds for affirmance exist." *Motor Coils MFG/WABTEC v. Workers' Comp. Appeal Bd. (Bish)*, 853 A.2d 1082, 1087 n.9 (Pa. Cmwlth. 2004).

[9] If PSP did not respond as Requester alleges, he would have needed to file a new appeal with OOR after the time period for a response expired. If Requester did not already do so because he believed this appeal was proper, OOR should consider any newly filed appeal by Requester *nunc pro tunc*.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Bowen,       :
      Petitioner  :
           :
    v.      :  No. 875 C.D. 2020
           :
Pennsylvania State Police,   :
      Respondent :

## **O R D E R**

 **NOW**, June 8, 2021, the Final Determination of the Office of Open Records issued August 10, 2020, is **AFFIRMED**.

          _____

          **RENÉE COHN JUBELIRER,** Judge