# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen Kennedy,                          :
        Appellant                     :
                         :
                         :  No.  574 C.D. 2023
     v.                                  :
                         :  Submitted:  August 9, 2024
Sharon Hill Borough                       :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                    **FILED:  December 20, 2024**

Appellant Collen Kennedy (Kennedy) appeals *pro se* from the order entered by the Court of Common Pleas of Delaware County (Common Pleas) on May 5, 2023, which affirmed a final determination issued by the Pennsylvania Office of Open Records (OOR) on November 2, 2022, regarding Kennedy's Right-to-Know Law (RTKL)[1] request for certain documents relating to an officer-involved shooting death of a child in Sharon Hill, Pennsylvania.  We affirm.

## I. BACKGROUND[2]

On August 27, 2021, officers from the Sharon Hill Police Department (SHPD) discharged their weapons near the site of a high school football game,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] We base our background summary upon Common Pleas' findings of fact, as those findings are supported by substantial evidence. Common Pleas' Op., 4/28/23, at 1-5.

killing Fanta Bility, an eight-year-old child, and injuring three other civilians.[3] Council responded to this tragedy by hiring outside attorneys on September 16, 2021, and tasked them with conducting a comprehensive investigation regarding these shootings, as well as an assessment of the SHPD's policies and procedures, including those pertaining to the use of deadly force. The attorneys then delivered a written report to Council in June 2022, whereupon Council released a redacted version of the report to the general public on July 29, 2022.

On July 30, 2022, Kennedy filed her RTKL request with Sharon Hill Borough (Borough), through which she sought unredacted versions of the report and the exhibits attached thereto; a copy of the 422-page binder of policies and procedures that the SHPD had provided to the outside attorneys; and a complete list of any other SHPD directives that were not otherwise included in that binder. The Borough's open records officer responded to Kennedy on September 8, 2022, granting her request in part, regarding the SHPD's policies, procedures, and directives, while also denying it in part, as to the unredacted report and exhibits. The officer justified this partial denial by stating that the report and exhibits were not public records, because they were protected by attorney-client privilege, and were otherwise exempt from disclosure as public records relating to or resulting from a criminal investigation.

Kennedy appealed the Borough's disposition of her request to the OOR, which affirmed. Thereafter, Kennedy further appealed to Common Pleas, which concluded that the Borough had properly denied Kennedy's request in part, on the

---

[3] Common Pleas did not reference the three additional victims in its findings, but that information is included in the redacted report publicly released by the Sharon Hill Borough Council (Council) in response to the shooting. *See* Kennedy's Pet. to Common Pleas, 12/2/22, Ex. A (Council Rpt., 7/9/22, at 7-8).

basis of attorney-client privilege.[4]  This appeal to our Court followed shortly thereafter.

## II. DISCUSSION[5]

Essentially, Kennedy's appellate arguments can be distilled into a single assertion: Common Pleas abused its discretion by determining that the Borough had properly asserted attorney-client privilege over the unredacted report and exhibits without first conducting an *in camera* review of those materials.  *See* Kennedy's Br. at 9-12.[6]  We disagree.

Generally speaking, a record held by a Commonwealth or local agency is presumed to be public in nature and must therefore be released in response to an RTKL request, unless the agency successfully rebuts the presumption by establishing through a preponderance of evidence that the sought-after record is

---

[4] Common Pleas was the ultimate finder of fact in this matter, as ordained by the RTKL, and consequently conducted a *de novo*, plenary review of the OOR's decision.  *See Bowling v. Off. of Open Recs.*, 75 A.3d 453, 474 (Pa. 2013).

[5] "When[, as here,] the court of common pleas is the 'Chapter 13' or reviewing court, our appellate review is limited to whether the trial court has committed an error of law and whether the findings of fact are supported by substantial evidence." *Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1123 n.3 (Pa. Cmwlth. 2017) (citing *Twp. of Worcester v. Off. of Open Recs.*, 129 A.3d 44, 49 n.2 (Pa. Cmwlth. 2016)).

[6] Kennedy also asserts in passing that the Borough must release the unredacted report and exhibits for two additional reasons.  First, neither the officers nor the Borough itself suffered any significant civil or criminal penalties as a consequence of the shootings and, second, the general public requires those unredacted materials to understand both how the shootings happened and how the SHPD has changed its policing policies in response thereto.  Kennedy's Br. at 5, 13-14.  We deem these assertions waived, however, because Kennedy failed to buttress them in her brief with any substantive *legal* argument as to why such *public policy considerations* defeat the Borough's invocation of attorney-client privilege.  *See In re Condemnation ex rel. Com., Dep't of Transp.*, 76 A.3d 101, 106 (Pa. Cmwlth. 2013) ("A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue.").

3

exempted from disclosure by statute.  *See* Sections 305(a) and 708 of the RTKL, 65 P.S. §§ 67.305(a), 67.708.  However, this presumption does not apply in instances where the requested record is protected by some form of privilege, such as the attorney-client privilege.  *Id.* § 67.305(a)(2).[7]

An agency can successfully invoke attorney-client privilege in the context of an RTKL request by establishing the following: first, it is, or sought to become, an attorney's client; second, the sought-after communication was made by the agency to that attorney or their subordinate, or by the attorney or their subordinate to the agency; third, the requested communication is related to a fact that the agency discussed privately with the attorney for purposes of obtaining legal advice or services; and fourth, the agency has not waived its ability to assert this privilege over the communication.  *Pa. Dep't of Educ. v. Bagwell*, 131 A.3d 638, 656 (Pa. Cmwlth. 2015); *see Gillard v. AIG Ins. Co.*, 15 A.3d 44, 59 (Pa. 2011) ("[T]he attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice.")

The factfinder in an RTKL matter is vested with discretionary authority to review records *in camera* to determine whether an agency has properly invoked a form of privilege when denying a request for those records.  *Off. of Open Recs. v. Cntr. Twp.*, 95 A.3d 354, 369 (Pa. Cmwlth. 2014).  "[I]n some instances, *in camera* review may be the only way that [the factfinder] can assess, in a meaningful fashion, whether an agency has met its burden of proving that a document is privileged by a preponderance of the evidence."  *Id.* at 370.  However, the factfinder is not *required*

---

[7] The RTKL defines "privilege" as "[t]he attorney-work product doctrine, the attorney-client privilege, the doctor-patient privilege, the speech and debate privilege or other privilege recognized by a court interpreting the laws of this Commonwealth."  65 P.S. § 67.102.

4

to conduct such a review; instead, they may rely on other materials when determining whether a privilege was properly invoked. *See Twp. of Worcester v. Off. of Open Recs.*, 129 A.3d 44, 60 (Pa. Cmwlth. 2016) ("[R]eview of an index or 'privilege log' of withheld records may be proper in determining whether records are exempt from disclosure."); *Heavens v. Pa. Dep't of Env't Prot.*, 65 A.3d 1069, 1076 (Pa. Cmwlth. 2013) (detailed, non-conclusory affidavits can be sufficient to justify the invocation of a privilege); *see also UnitedHealthcare of Pa., Inc. v. Pa. Dep't of Hum. Servs.*, 187 A.3d 1046, 1059 (Pa. Cmwlth. 2018) (cleaned up) ("A log can serve as sufficient evidence to establish an exemption, especially where the information in the log is bolstered with averments in an affidavit. . . . An index, even one containing minimal description, offers a tool for a fact-finder reviewing corresponding records.").

In this instance, Common Pleas declined to conduct an *in camera* review of the unredacted report and exhibits before denying Kennedy's request; rather, the lower court based its denial upon an affidavit from Ieasa A. Nichols, the Borough's Open Records Officer. Common Pleas Order, 4/28/23, Findings of Fact ¶¶11-12; *id.*, Conclusions of Law ¶¶11-12. In that affidavit, Nichols states that she reviewed the sought-after, unredacted report and exhibits, as well as an exemption log compiled by the outside attorneys who had authored those materials on Council's behalf. Nichols Aff., ¶¶3-5, 10-13. Nichols also avers that she confirmed that the exemptions listed in the log "are true and correct[,]" in that the specific exemptions listed therein accurately describe and justify the redactions that were made to the report and exhibits. *Id.*, ¶13; *see id.*, Exh. 1 (exemption log). Furthermore, she maintains that the Borough never waived its ability to assert privilege over the redacted portions of those materials. *Id.*, ¶12. Given the substance of the Nichols

5

Affidavit and the particulars of the exemption log, as well as Common Pleas' role as factfinder, we conclude that Common Pleas neither erred as a matter of law nor abused its discretion by declining to review the unredacted report and exhibits *in camera*. *See UnitedHealthcare*, 187 A.3d at 1059; *Cntr. Twp.*, 95 A.3d at 369.[8]

### III. CONCLUSION

In accordance with the foregoing analysis, we affirm Common Pleas' order.

_____
**LORI A. DUMAS, Judge**

---

[8] We do not believe that our Supreme Court's decision in *American Civil Liberties Union of Pennsylvania v. Pennsylvania State Police*, 232 A.3d 654 (Pa. 2020), compels a different conclusion. In that matter, our Supreme Court ruled that our Court had abused its discretion in two, interrelated ways by declining to conduct an *in camera* of certain Pennsylvania State Police (PSP) documents in response to an RTKL request for unredacted copies of those documents. *Id.* at 670-71. First, we had concluded that the affidavit submitted by PSP in support of its redactions to those documents was adequate based solely on the absence of facial proof that PSP had acted in bad faith. *Id.* at 670. Second, we had completely disregarded the fact that OOR had previously found PSP's affidavit to be legally insufficient. *Id.* By contrast, the Borough submitted an affidavit *and* an exemption log, which *both* OOR *and* Common Pleas found sufficient to justify the Borough's redactions of the aforementioned report and exhibits. Therefore, this matter is distinguishable from *American Civil Liberties Union*.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen Kennedy,            :
           Appellant       :
                        :    No. 574 C.D. 2023
        v.            :
                        :
Sharon Hill Borough       :

# O R D E R

AND NOW, this 20th day of December, 2024, the order entered by the Court of Common Pleas of Delaware County on May 5, 2023, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**