# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geisinger Health Plan,                              :
                                                    :
                          Petitioner                :
                                                    :
          v.                                        :  No. 15 C.D. 2021
                                                    :  Argued:  February 7, 2022
Department of Human Services                        :
(Office of Open Records),                           :
                                                    :
                          Respondent                :


UPMC For You, Inc.,                                 :
                                                    :
                          Petitioner                :
                                                    :
          v.                                        :  No. 19 C.D. 2021
                                                    :
Department of Human Services                        :
(Office of Open Records),                           :
                                                    :
                          Respondent                :


Aetna Better Health                                 :
of Pennsylvania Inc.,                               :
                                                    :
                          Petitioner                :
                                                    :
          v.                                        :  No. 24 C.D. 2021
                                                    :
Department of Human Services                        :
(Office of Open Records),                           :
                                                    :
                          Respondent                :

Vista Health Plan, Inc., AmeriHealth : 
Caritas Health Plan and Keystone : 
Family Health Plan, : 
                                     : 
                    Petitioners : 
                                     : 
           v.                   : No. 26 C.D. 2021
                                     : 
Department of Human Services : 
(Office of Open Records), : 
                                     : 
              Respondent : 

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: December 15, 2022


          In these consolidated appeals, Aetna Better Health of Pennsylvania (Aetna), Geisinger Health Plan (Geisinger), UPMC For You, Inc. (UPMC), and Vista Health Plan, Inc., AmeriHealth Caritas Health Plan, and Keystone Family Health Plan (collectively, AmeriHealth Caritas) petition for review of the Final Determination Upon Reconsideration of the Office of Open Records (OOR) granting in part, denying in part, and dismissing as moot in part, Aetna's request for records from the Pennsylvania Department of Human Services (DHS) under the provisions of the Right-to-Know Law (RTKL).[1]  After careful review, we affirm in part and vacate in part.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

**I.**

In order to understand the claims raised in the instant appeal, a brief recounting of a number of related cases is necessary. This Court has recently noted:

> [The HealthChoices Medicaid (HealthChoices) Program] is a managed care program for Medicaid recipients. Managed care organizations (MCOs) administer the HealthChoices Program in five Pennsylvania zones - Northeast, Southeast, Lehigh-Capital, Northwest, and Southwest. [DHS] contracts with multiple MCOs to administer HealthChoices Program benefits and services in each zone. Aetna is one of those MCOs. It has provided administration by contract with [DHS] in two zones since 2010 and in all five zones since 2012.

> * * *

> In September 2015, [DHS] issued Request for Proposals (RFP) 06-15 for new contracts for administration of the HealthChoices Program in all five zones. Aetna, which was already administering the program as an MCO, submitted proposals for all five zones. However, [DHS] did not select Aetna to negotiate for new contracts.

> Aetna claim[ed] that in evaluating applications under RFP 06-15, [DHS] stated it applied what it called a "heritage factor" in evaluating the proposals by all applicants. *See Aetna Better Health of P[ennsylvania], Inc. v. Dep[artmen]t of Hum[an] Serv[ices]* (Pa. Cmwlth., No. 351 M.D. 2016, filed July 19, 2016), slip op. at 4-5[.] [DHS] applied the heritage factor to favor any existing applicant having at least a 25% market share of Medicaid participants, reasoning that the disruption likely to arise from cessation of such an applicant's services would outweigh some shortfall in the rest of the applicant's evaluation scores. *Id.* However, [DHS] did not disclose in the RFP that it would be applying the heritage factor as part of its evaluation process.

3

Aetna describe[d] the heritage factor as a "secret criterion" used to deprive Aetna of new contracts and to favor other MCOs despite Aetna's higher proposal scores. Aetna therefore filed a bid protest. [DHS] responded by asserting that Aetna could not protest based on that issue. Aetna then filed a petition for review. This Court enjoined the RFP 06-15 procurement and ordered that if [DHS] chose to review Aetna's bid protest, that review should be by an independent hearing officer not employed by [DHS] and not connected to the RFP. *See Aetna Better Health*, slip op. at 32.

[DHS] then withdrew RFP 06-15 and reissued it as "RFP 06-15 (Reissued)." Aetna again submitted a proposal, and [DHS] again did not select Aetna for negotiations regarding a contract in any zone. Whether [DHS] again applied the heritage factor is unclear. However, Aetna claim[ed] [DHS] "secretly structured the evaluation criteria and formulas in a manner designed to achieve a predetermined result, to favor the very same MCOs that received contracts with the original RFP only through application of the [h]eritage [f]actor." Aetna also allege[d] [DHS] "had secret discussions" with another MCO about modifying its bid proposal in order to pass [DHS's] readiness review procedure.

Aetna and other applicants filed bid protests to RFP 06-15 (Reissued), which [DHS] denied. This Court reversed [DHS], concluding that discussions with MCOs about bid modifications and readiness review violated the RFP and the Commonwealth Procurement Code (Procurement Code)[2] because only [DHS's] designated Issuing Officer, Karen Kern (Kern), may engage in such discussions. *UnitedHealthcare of P[ennsylvania]*, *Inc. v. Dep[artmen]t of Hum[an] Serv[ices]* (Pa. Cmwlth., No. 790 C.D. 2017, filed Apr[il] 10, 2018), slip op. at 27[.]

\* \* \*

In October 2019, [DHS] issued [the Request for Applications (RFA)] in a third attempt to seek new

_____

[2] 62 Pa. C.S. §§101-2311.

contracts regarding administration of the HealthChoices Program. Aetna submitted an application for all five zones. [DHS] did not select Aetna for negotiations in any zone. Aetna received the lowest score of all applicants, although its scores had been among the highest for RFP 06-15.

Aetna requested debriefing as permitted by . . . the RFA. [DHS] provided debriefing documents consisting of a redacted Selection Memorandum and another document setting forth some, but not all, of [DHS's] determinations concerning the strengths and weaknesses of Aetna's application. [DHS] refused to provide any other applicants' raw scores, comparative analysis of the applicants, or information about other MCOs' applications. Allegedly departing from past practice, [DHS] also declined to provide an interactive debriefing conference. [DHS] did allow Aetna to submit written questions but had not answered them as of the date of filing of the petition for review. Aetna assert[ed] that it needed answers to its questions in order to determine whether it had grounds for additional bid protests.

Aetna filed several bid protests regarding the RFA and later consolidated them. . . . Aetna requested an evidentiary hearing on its bid protests, but the [Secretary of Human Services (Secretary)] denied Aetna's request.

* * *

On December 4, 2020, the Secretary issued the Final Determination denying Aetna's bid protests. The Secretary concluded [DHS's] evaluation and selection were not clearly erroneous, arbitrary, capricious, contrary to law, or an abuse of discretion.

*Aetna Better Health of Pennsylvania, Inc. v. Pennsylvania Department of Human Services* (Pa. Cmwlth., No. 652 M.D. 2020, filed November 17, 2021), slip op. at 2-6 (citations to record omitted). Ultimately, this Court affirmed the Secretary's Final Determination denying Aetna's bid protests under the RFA and the Procurement

5

Code, and denied Aetna's request for declaratory judgment and mandamus relief regarding any debriefing issues. *See id.* at 11-27.

## II.

With respect to the instant appeal, on July 15, 2020, Aetna filed a request for the following records from DHS:

> 1. [C]opies of all public records associated with [DHS's] response to all bidders' proposals submitted in response to [the RFA].
>
> 2. [A]ny documents related to the decision referenced in DHS's July 1, 2020 letter . . . in which it determined that the point scores for Aetna's proposals for the Five HealthChoice Zones "were not sufficiently high enough" to justify [its] selection for agreement negotiations.
>
> 3. [I]nclud[ing] all documents reflecting Aetna's, and other bidders', scores on the various components of its proposals for all regions, the scoring criteria, and any other information or documents related to the evaluation of Aetna's proposals.

OOR Docket No. 2020-1709 Exhibit 1 at Exhibit 1.

On August 21, 2020, DHS denied the request in part, redacting some material from the records that were responsive to Item 1 under the personal identification information exemption in Section 708(b)(6) of the RTKL.[3] DHS also

---

[3] 65 P.S. §67.708(b)(6). Section 708(b)(6)(i)(A) states:

> [T]he following are exempt from access by a requester under this act:
>
> * * *
>
> (6)(i) The following personal identification information:

**(Footnote continued on next page…)**

denied the request as to records that are responsive to Items 2 and 3, asserting that they are exempt under Section 708(b)(26),[4] and that the records contain internal, predecisional deliberative information that is exempt from disclosure under Section 708(b)(10).[5]

---

(A) A record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number.

65 P.S. §67.708(b)(6)(i)(A).

[4] 65 P.S. §67.708(b)(26).  Section 708(b)(26) states:

[T]he following are exempt from access by a requester under this act:

* * *

(26) A proposal pertaining to agency procurement or disposal of supplies, services or construction prior to the award of the contract or prior to the opening and rejection of all bids; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability; or the identity of members, notes and other record of agency proposal evaluation committees established under [the Procurement Code,] 62 Pa. C.S. §513 (relating to competitive sealed proposals).

[5] 65 P.S. §67.708(b)(10).  Section 708(b)(10)(i)(A) states, in relevant part:

[T]he following are exempt from access by a requester under this act:

* * *

(10)(i) A record that reflects

**(Footnote continued on next page…)**

On September 8, 2020, Aetna appealed to OOR, challenging DHS's denial of the requested records. On September 17, 2020, and September 21, 2020, OOR granted the requests for Direct Interest Participant status of Geisinger, UPMC, AmeriHealth Caritas (collectively, Direct Interest Participants), and other applicants, in Aetna's OOR appeal.

On September 16, 2020, Aetna sent an email to OOR, which stated, in relevant part, that "[w]e wish to make clear that in connection with this particular appeal, we are not seeking copies of any applications submitted in response to [the RFP], including Schedule Es to such applications." OOR Docket No. 2020-1709 Exhibit 5.

On September 25, 2020, DHS submitted a position statement supporting its grounds for denial along with the affidavits of Kern, its Procurement Specialist, and Andrea Bankes, its Open Records Officer. UPMC also submitted legal argument and the affidavit of John Lovelace, its President. Additionally, Geisinger submitted legal argument and the affidavit of David Weader, its Associate Chief Legal Officer and Regulatory Affairs Officer. That same day, Aetna submitted supplemental argument to rebut the argument and affidavits of the Direct Interest Participants.

On October 20, 2020, the OOR Appeals Officer issued a Final Determination granting the appeal in part, denying it in part, and dismissing the appeal in part as moot. In relevant part, OOR found that DHS may redact the

---

   (A) The internal, predecisional deliberations of an agency, its member, employees or officials . . . including predecisional deliberations relating to a . . . contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

65 P.S. §67.708(b)(10)(i)(A).

applicants' Small Diverse Business (SDB) Commitments because this record is exempt under Section 708(b)(26) as information taken from submitted proposals prior to the award of a contract. Based on Kern's attestation that the SDB Commitment is taken directly from the applicants' applications and that no contract had yet been awarded,[6] OOR determined that "[b]ecause [DHS] has established that the [SDB] Commitment information is taken directly from the applicants' proposals, it may redact the [SDB] Commitment information." OOR Docket No. 2020-1709 Exhibit 20 at 7.

Additionally, in the Final Determination, OOR granted Aetna access to corporate reference questionnaires, finding that neither DHS nor the Direct Interest Participants had submitted sufficient evidence to support withholding those records. *See* OOR Docket No. 2020-1709 Exhibit 20 at 10-11 ("However, [DHS] has not provided any evidence as to what 'corporate reference questionnaires' are, or how they are records of the evaluation committee. Accordingly, [DHS] may withhold all of the identified records of the evaluation committee except for the corporate reference questionnaires.").[7]

On October 28, 2020, UPMC filed a Petition for Reconsideration, and attached a copy of a notice identifying corporate reference questionnaire, attached

_____

[6] *See* OOR Docket No. 2020-1709 Exhibit 16 at 15, 17, 19 ("Each application for [the RFP] was required to contain a Technical Submittal, a[n SDB] Participation Submittal and a Contractor Partnership Program Submittal."; "[T]he procurement process commenced by [the RFP] has not yet resulted in the award of agreements."; "[DHS] redacted the SDB Commitment of the applicants pursuant to [Section 708(b)(26)] because this is proposal information taken from the [a]pplicants' submissions.").

[7] OOR also explained that "[o]n appeal, [DHS] provided copies of [its] Recommendation for Selection Memorand[um] with the scores unredacted, notwithstanding the fact that most Direct Interest Participants in this appeal argued for the score to be withheld," so that "to the extent that this appeal seeks these scores, it is dismissed as moot." OOR Docket No. 2020-1709 Exhibit 20 at 7.

9

as Appendix E to its response to the RFA, as a trade secret/confidential proprietary information, and arguing that this action alone was sufficient to meet its burden of proof with respect to the application of the trade secret/confidential proprietary exemption to those records. *See* OOR Docket No. 2020-1709 Exhibit 21 at 4-5.[8] On November 3, 2020, both Geisinger and DHS filed Petitions for Reconsideration, and AmeriHealth Caritas filed a Petition for Reconsideration the following day. *See id.* Exhibits 23, 24, 25. All of the parties argued, *inter alia*, that OOR should reconsider the disclosure of the corporate reference questionnaires. *See generally id.*

On November 2, 2020, while UPMC's Motion for Reconsideration was pending, Aetna sent an email to OOR, which stated, in pertinent part:

> [I]n pursuing its [RTKL] requests, Aetna informed your Office that the information it was seeking did not encompass the Appendix "E" of any applicant, as that Appendix would include the trade secret and confidential proprietary information of the applicants. At that time, we should have also exempted from Aetna's Requests the applicants' Appendix "F," the "corporate reference questionnaires," as they may also contain the confidential and proprietary information of applicants. Aetna is therefore now withdrawing its requests for disclosure of the applicants' completed corporate reference questionnaires, as well, to the extent those records are encompassed within Aetna's RTKL requests that are the subject of this appeal, or the October 20, 2020 Final Determination.

OOR Docket No. 2020-1709 Exhibit 22.

On November 17, 2020, OOR granted reconsideration of its Final Determination. *See* OOR Docket No. 2020-1709 Exhibit 27. On December 16,

---

[8] *See* Section 708(b)(11) of the RTKL, 65 P.S. §67.708(b)(11) ("[T]he following are exempt from access by a requester under this act: . . . A record that constitutes or reveals a trade secret or confidential proprietary information.").

2020, OOR's Appeals Officer issued a Final Determination Upon Reconsideration disposing of Aetna's appeal. With respect to DHS's redaction of the SDB Commitments, OOR stated, in relevant part:

> In response to Items 2 and 3, [DHS] provided redacted copies of [DHS's] Recommendation for Selection Memorand[um], redacting the applicants' total scores and the [SDB] [C]ommitment of the applicants, explaining that the SDB [C]ommitment is information taken from the [a]pplicants' proposals. In support of its redaction of the SDB [C]ommitment, [DHS] attests that it "redacted the SDB [C]ommitment of the applicants pursuant to [Section 708(b)(26)] because this is proposal information taken from the [a]pplicants' submissions." Likewise, Part 3(D)(6) of the Recommendation Memorand[um] provided to the OOR on appeal states: "As part of their applications, the recommended [a]pplicants made the following commitments to SDBs . . . ," which further supports [DHS's] attestation that this information reflects information provided in the proposals.
>
> Because [DHS] has established that the [SDB] Commitment information is taken directly from the applicants' proposals, it may redact the [SDB] Commitment information.

OOR Docket No. 2020-1709 Exhibit 31 at 9-10 (citations and footnotes omitted).

OOR also rejected Aetna's argument that these records are not exempt as an "other record of the evaluation committee" under Section 708(b)(26), stating, in pertinent part:

> As to Section 708(b)(26), [Aetna] raises two arguments. First, that in other instances, [DHS] has previously disclosed similar scores while a contract award was pending, and that [DHS's] failure to do so here is inconsistent and arbitrary. However, Section 506(c) permits an agency to exercise its discretion "to make any

11

otherwise exempt record accessible . . . ." 65 P.S. §67.506(c).

Second, [Aetna] argues that [DHS] cannot withhold records that are merely "related to" evaluation committees, as opposed to the narrower language of Section 708(b)(26), which exempts records "of" an evaluation committee. . . .

Consistent with our prior decisions, we find that the evaluator workbooks, instructions, and training materials are exempt as "other records of agency proposal evaluation committees," as [DHS] has testified and argued that these documents were used by its evaluation committee to score and evaluate the technical submittals of competition proposal applications. However, [DHS] has not provided any evidence as to what "corporate reference questionnaires" are, or how they are records of the evaluation committee. Accordingly, [DHS] may withhold all of the identified records of its evaluation committee, except for the corporate reference questionnaires.

OOR Docket No. 2020-1709 Exhibit 31 at 11-13 (citations and footnote omitted).

Finally, with respect to the disclosure of records containing the corporate reference questionnaire, OOR stated, in relevant part:

There are essentially two arguments raised by the Direct Interest Participants and [DHS] upon reconsideration. First, that the evidence presented by the Direct Interest Participants during the original appeal should have been sufficient to prevent disclosure; second, that the issue is now moot given that [Aetna] has withdrawn. Both of these arguments fail.

* * *

[UPMC] states that [it] attached a copy of a notice identifying corporate reference questionnaires as trade secret, and argues that this action was sufficient to meet [its] legal burden of proof as to the application of all

12

elements of the trade secret exemption in regard to those specific records.

During the appeal, [UPMC] submitted a sworn declaration of [] Lovelace, its President. The sworn statement generally discussed the procurement process and alleges that disclosure of any of the information on the attached Appendix E would cause competitive harm, stating "[a]s is evident from the Trade Secret/Confidential Proprietary Information Notice, significant information throughout [UPMC's] proposal is protected and confidential and proprietary information." There was no mention of "corporate reference questionnaires" in [] Lovelace's declaration, nor were they specifically named in the attached documentation.

* * *

Case law is clear that the mere fact that an entity includes certain information on a "trade secret notice" submitted as part of a proposal is not necessarily sufficient to meet its burden of proof to be able to withhold the same information in a RTKL appeal. Indeed, the Commonwealth Court has repeatedly held that under the RTKL, "a generic determination or conclusory statements are not sufficient to justify the exemption of public records."

* * *

It is apparent that all parties assumed that corporate reference questionnaires were exempt, as evidenced by [Aetna's] withdrawal of the same after the issuance of the Final Determination. However, this fact was not relayed to the Appeals Officer, who reviewed the arguments and sworn statements and found no direct mention of "corporate reference questionnaires," which were clearly identified by [DHS] as responsive but not adequately defended by any party during the appeal.[9]

---

[9] Citing Section 35.241 of the General Rules of Administrative Practice and Procedure, 1 Pa. Code §35.241, the Appeals Officer refused to accept or consider an affidavit that was submitted **(Footnote continued on next page…)**

\* \* \*

> While [Aetna] may choose not to seek enforcement of this Final Determination, the fact remains that the parties' mutual mistake is not sufficient to overturn the legal conclusion reached in the underlying Final Determination.

OOR Docket No. 2020-1709 Exhibit 31 at 14-15, 16, 17 (citations and footnotes omitted). Accordingly, the Appeals Officer issued an order granting in part, denying in part, and dismissing as moot in part, Aetna's appeal, and "required [DHS] to provide copies of the corporate reference questionnaires [to Aetna] within thirty days." *Id.* at 17.

Aetna and the Direct Interest Participants then filed the instant cross-petitions for review in this Court.[10] On appeal, Aetna argues that OOR erred in failing to direct DHS to provide the SDB Commitment scores in its Selection Memorandum, and in refusing to find that its request for the corporate reference questionnaires is moot. The Direct Interest Participants argue that OOR properly found that the SDB Commitment scores in DHS's Selection Memoranda are exempt from disclosure under Section 708(b)(26) of the RTKL, and that OOR erred in failing to dismiss as moot Aetna's request for disclosure of the corporate reference questionnaires.

---

by Geisinger following the grant of reconsideration "specifically addressing corporate reference questionnaires for the first time in this appeal process, in an apparent effort to cure its evidentiary deficiency in the underlying appeal." OOR Docket No. 2020-1709 Exhibit 31 at 17 n.8.

[10] When reviewing a decision by OOR, our standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

## III.

## A.

With respect to the SDB Commitment scores, OOR properly determined that the SDB Commitment scores in DHS's Selection Memorandum are exempt from disclosure under Section 708(b)(26) of the RTKL. As DHS notes, the affidavits clearly proved that the SDB percentages were taken directly from the applicants' submissions in response to the RFA even though Aetna erroneously refers to the SDB participation commitments as SDB scores. As an applicant, Aetna knows that DHS did not score the proposed SDB participation commitments because, as the RFA explained, applicants were required to submit the percentage of its SDBs participation commitment and specifically stated that the "Commonwealth will not score the SDB Submittal of the applicants." Reproduced Record (RR) at 96a. DHS released its Selection Memorandum without the scores redacted. It was not required to release the SDB participation commitments because they were not part of the scores, but came directly from the applications.

Indeed, as this Court has explained:

[T]he General Assembly intended the phrase "award of the contract" for purposes of Section 708(b)(26) to mean the execution of the contract, not the selection of offerors. This interpretation is the most logical when read in conjunction with the relevant provisions of the Procurement Code. This interpretation also furthers the purpose of Section 708(b)(26) to foster competitive bidding until a contract is awarded.

Applying this interpretation to the facts presented here, when UnitedHealthcare [of Pennsylvania, Inc.] made its RTKL requests and OOR ruled on the appeal, DHS had selected offerors for negotiations under Section 513(g) of the Procurement Code, which provides that "[t]he responsible offeror whose proposal is determined in

15

> writing to be the most advantageous to the purchasing agency, taking into consideration price and all evaluation factors, shall be selected for contract negotiation." 62 Pa. C.S. §513(g). However, negotiations with the selected offerors had not commenced and no contracts had been finalized or executed. There is no evidence that DHS made any announcement of an award of contracts under [the RFP] in the period before OOR's decision. In fact, DHS submitted affidavits attesting that no award of any contracts or agreements under [the RFP] has occurred. Because no contract has been awarded, the requested documents pertaining to the RFP continue to remain exempt from disclosure under Section 708(b)(26) of the RTKL.

*UnitedHealthcare of Pennsylvania, Inc. v. Pennsylvania Department of Human Services*, 187 A.3d 1046, 1058 (Pa. Cmwlth. 2018) (citations to record and footnote omitted).

Thus, although DHS released the scores in the Selection Memoranda, it in no way waived the exemption under Section 708(b)(26) for the SDB Commitments that were taken by DHS directly from the applications submitted in response to the RFA, and OOR did not err in applying this exemption to these records. As a result, OOR's Final Determination Upon Reconsideration will be affirmed in this respect.

**B.**

However, regarding the release of the corporate reference questionnaires, it is inappropriate for OOR to direct DHS to release records to Aetna that Aetna does not wish to receive. Aetna's November 2, 2020 email to OOR clearly and unequivocally demonstrates that Aetna wished to amend its RTKL request by removing Appendix F containing the corporate reference questionnaires from the records that it is seeking. *See* OOR Docket No. 2020-1709 Exhibit 22.

16

DHS agreed to withhold the corporate reference questionnaires from the records that it would disclose under the request. *See id.* Exhibit 24 at 6 ("Based on [Aetna's] withdrawal, the OOR should grant reconsideration to issue a new final determination dismissing the request for the corporate reference questionnaires as moot."). As a result, OOR erred in refusing to remove the corporate reference questionnaires from Aetna's RTKL request as moot, and in directing DHS to release these records to Aetna. *See, e.g.*, *Pennsylvania Turnpike Commission v. Van Osdol* (Pa. Cmwlth., No. 366 C.D. 2015, filed December 16, 2015), slip op. at 5 ("[The r]equester no longer seeks the documents that the [Turnpike] Commission refuses to provide, and, therefore, there is no case or controversy between the parties. Further, because [the r]equester has withdrawn its request and does not seek enforcement of the OOR's final determination, [the r]equester's appeal to the OOR is also moot, as the [r]equest effectively no longer exists.").[11] Thus, OOR's Final Determination Upon Reconsideration will be vacated in this respect.

Accordingly, OOR's Final Determination Upon Reconsideration is affirmed in part and vacated in part in accordance with the foregoing memorandum opinion.

_____

MICHAEL H. WOJCIK, Judge

Judge Wallace did not participate in the decision of this case.

---

[11] *See also* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geisinger Health Plan,     :
     :
     Petitioner     :
     :
     v.     : No. 15 C.D. 2021
     :
Department of Human Services     :
(Office of Open Records),     :
     :
     Respondent :


UPMC For You, Inc.,     :
     :
     Petitioner     :
     :
     v.     : No. 19 C.D. 2021
     :
Department of Human Services     :
(Office of Open Records),     :
     :
     Respondent :


Aetna Better Health     :
of Pennsylvania Inc.,     :
     :
     Petitioner     :
     :
     v.     : No. 24 C.D. 2021
     :
Department of Human Services     :
(Office of Open Records),     :
     :
     Respondent :

Vista Health Plan, Inc., AmeriHealth    :
Caritas Health Plan and Keystone        :
Family Health Plan,                     :
                                        :
                                        :
                    Petitioners         :
                                        :
            v.                          :  No. 26 C.D. 2021
                                        :
Department of Human Services            :
(Office of Open Records),               :
                                        :
                    Respondent          :


# **O R D E R**


AND NOW, this 15th day of December, 2022, the Final Determination Upon Reconsideration of the Office of Open Records, dated December 16, 2020, at Docket No. AP 2020-1709, is AFFIRMED in part and VACATED in part in accordance with the foregoing memorandum opinion.


_____
MICHAEL H. WOJCIK, Judge